**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| AYODEJI DIKIO,<br>individually and on behalf of all others<br>similarly situated,<br>　　　　　　Plaintiff,<br><br>　　v.<br><br>INSIGHT GLOBAL, LLC,<br><br>　　　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No.<br><br><br><br><br>**CLASS AND COLLECTIVE**<br>**ACTION COMPLAINT** |

## CLASS AND COLLECTIVE ACTION COMPLAINT

Plaintiff Ayodeji Dikio ("Plaintiff" or "Dikio"), through his undersigned counsel, individually and on behalf of all others similarly situated, files this Class and Collective Action Complaint against Defendant Insight Global, LLC ("Defendant" or "Insight Global"). The following allegations are based on personal knowledge as to Plaintiff's own conduct and on information and belief as to the acts of others.

## PRELIMINARY STATEMENT

1. This is an action brought pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.* ("FLSA") and Illinois state law, seeking payment of unpaid overtime wages. Plaintiff, on behalf of himself and other similarly situated, also seeks liquidated damages for the failure to pay overtime wages, as well as attorneys' fees and costs.

2. Plaintiff alleges that he and other similarly situated consultants were knowingly and improperly classified as exempt employees, and, as a result, did not receive overtime pay for hours worked in excess of forty (40) in a workweek. The following allegations are based on personal knowledge as to Plaintiff's own conduct and are made on information and belief as to the acts of others.

**JURISDICTION AND VENUE**

3.      Jurisdiction over Plaintiff's FLSA claims is proper under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4.      This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant 28 U.S.C. § 1367(a), because these claims are so related to the federal claims that they form part of the same case and controversy.

5.      Venue in this Court is proper pursuant to 28 U.S.C. § 1391, because a substantial part of the events giving rise to the Complaint occurred in this District. Specifically, Plaintiff performed work for Defendant at Northwestern Medicine in Chicago, Illinois, in this judicial district.

**PARTIES**

6.      Plaintiff Ayodeji Dikio ("Plaintiff" or "Dikio") is an individual residing in North Smyrna, GA.

7.      Plaintiff worked for Defendant Insight Global as a consultant providing support and training to Defendant's clients in using a new recordkeeping system at Northwestern Medicine in Chicago, Illinois, between September 2017 and December 2017.

8.      Pursuant to 29 U.S.C. § 216(b), Dikio has consented in writing to participate in this action. *See* Ex. A.

9.      Insight Global is a Georgia corporation which provides information technology educational services for the healthcare industry across the United States. Insight Global has its headquarters at 4170 Ashford Dunwoody Road, Suite 250, Atlanta, Georgia 30319.

10. Defendant employs individuals engaged in commerce or in the production of goods for commerce and/or handling, selling, or otherwise working on goods or materials that have been moved in or produced in commerce by any person, as required by 29 U.S.C. §§ 206-207.

11. Defendant's annual gross volume of sales made or business done exceeds $500,000.

## COLLECTIVE AND CLASS DEFINITIONS

12. Plaintiff brings Count I of this lawsuit pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of himself and the following class of potential FLSA opt-in litigants:

> All individuals who worked for Insight Global providing training and support to Insight Global's clients in using electronic recordkeeping systems in the United States from April 19, 2016 to the present and did not receive overtime for hours worked in excess of 40 a week (the "FLSA Collective").

13. Plaintiff brings Count II of this lawsuit pursuant to Fed. R. Civ. P. 23 as a class action on behalf of himself and the following class:

> All individuals who worked for Insight Global providing training and support to Insight Global's clients in using electronic recordkeeping systems in Illinois from April 19, 2016 to the present and did not receive overtime for hours worked in excess of 40 a week (the "Illinois Class").

14. The FLSA Collective and the Illinois Class are together referred to as the "Classes."

15. Plaintiff reserves the right to re-define the Classes prior to notice or class certification, and thereafter, as necessary.

## **FACTS**

16. As healthcare information technology firm, Defendant provides training and support to healthcare facilities in connection with the implementation of new electronic recordkeeping systems.

17. Defendant employs consultants, such as Dikio, who perform such training and support services throughout the United States.

18. Defendant's financial results are significantly driven by the number of consultants performing training and support services for Defendant's customers, and the fees that Defendant charges the customers for these services.

19. Between September 2017 and December 2017, Dikio was assigned by Defendant to provide educational and support services to healthcare staff at Northwestern Medicine in Chicago, Illinois.

20. Dikio was classified by Defendant as an exempt employee and was paid a set hourly rate for all hours worked. Although he routinely worked more than forty hours a week, she did not receive overtime for hours worked in excess of forty a week.

**Plaintiff and Class Members are not Exempt as "Computer Employees" under the FLSA**

21. Plaintiff and Class Members provide support and training to hospital staff in connection with electronic recordkeeping systems. Plaintiff has no specialized training or certification in computer programming, software documentation and analysis, or testing of computer systems or programs. Plaintiff and Class Members were not working as, nor were they similarly skilled as, computer systems analysts, computer programmers, or software engineers, as defined in 29 C.F.R. § 541.400(a).

4

22. Plaintiff's and Class Members' primary duties consisted of training and aiding healthcare staff with using the new recordkeeping software. This type of user support is also known as "at the elbow." Plaintiff's and Class Members' primary duties did not include the higher skills of the "application of systems analysis techniques and procedures," pursuant to 29 C.F.R. § 541.400(b)(1). Plaintiff and Class Members did not analyze, consult or determine hardware, software programs or any system functional specifications for Defendant's clients. *See id.*

23. Plaintiff and Class Members did not consult with Defendant's customers to determine or recommend hardware specifications. Plaintiff and Class Members did not design, develop, document, analyze, create, test or modify a computer system or program, as defined in 29 C.F.R. § 541.400(b)(2).

24. While Plaintiff's and Class Members' work involved the use of computers, they were not "primarily engaged in computer systems analysis and programming." U.S. Dept. of Labor, Wage & Hour Div., Fact Sheet #17E: Exemption for Employees in Computer-Related Occupations under the Fair Labor Standards Act (FLSA). Plaintiff and Class Members provided support and training in using electronic recordkeeping systems to Defendants' clients.

**Plaintiff and Class Members Routinely Worked in Excess of 40 Hours a Week**

25. Plaintiff and Class Members routinely worked in excess of forty (40) hours per workweek but were not paid overtime compensation as required by the FLSA.

26. Plaintiff and Class Members were paid only a straight hourly rate.

27. Plaintiff and Class Members were not provided with overtime compensation at the rate of one and one-half (1 ½) times their regular pay rate, when they worked more than forty (40) hours per week, as required by the FLSA.

28. Plaintiff and Class Members were not paid on a salary basis.

**Defendant Willfully Violated the FLSA**

29. Defendant had no reasonable basis to believe that Plaintiff and the members of the FLSA Collective were exempt from the requirements of the FLSA. Rather, Defendant either knew or acted with reckless disregard of clearly applicable FLSA provisions in classifying Plaintiff and the FLSA Collective Members as exempt from the overtime provisions of the FLSA. Such willfulness is demonstrated by, or may be reasonably inferred from, Defendant's actions and/or failures to act, including the following:

   a. At all times relevant hereto, Defendant maintained payroll records which reflected the fact that Plaintiff and the FLSA Collective did, in fact, regularly work in excess of 40 hours per week, and thus, Defendants had actual knowledge that Plaintiff and the FLSA Collective worked overtime;

   b. At all times relevant hereto, Defendant knew that it did not pay Plaintiff and the FLSA Collective Members one and one-half (1 ½) times their regular pay rate for hours worked in excess of forty (40) hours per week;

   c. As evidenced by its own job offer letters and training materials for consultants, at all times relevant hereto, Defendant was aware of the nature of the work performed by consultants, and, in particular, that such individuals worked exclusively at-the-elbow of healthcare workers employed by Defendant's clients, providing basic training and support;

   d. As evidenced by its own job offer letters and training materials for consultants, Defendant knew and understood that it was subject to the wage requirements of the FLSA as an "employer" under 29 U.S.C. § 203(d).

   e. At all times relevant hereto, Defendant was aware that their consultants did not

engage in: (i) computer systems analysis, computer programming, or software engineering, as defined in 29 C.F.R. § 541.400(a); (ii) the application of systems analysis techniques and procedures, as defined in 29 C.F.R. § 541.400(b)(1); or (iii) the design, development, analysis, creation, testing or modification of a computer system or program, as defined in 29 C.F.R. § 541.400(b)(2);

f. Defendant lacked any reasonable or good faith basis to believe that its consultants fell within any exemption from the overtime requirements of the FLSA. Rather, Defendant deliberately misclassified its consultants as exempt from the provisions of the FLSA in order to avoid paying them overtime compensation to which they were entitled;

g. At all times relevant hereto, Defendant was aware that it would (and, in fact did) benefit financially by failing to pay Plaintiff and the FLSA Collective one and one-half (1 ½) times their regular pay rate for hours worked in excess of forty (40) hours per week; and

h. Thus, Defendant had (and has) a strong financial motive to violate the requirements of the FLSA by misclassifying tits consultants as exempt from the overtime requirements of the FLSA.

30. Based upon the foregoing, Defendant was cognizant that, or recklessly disregarded whether, its conduct violated the FLSA.

## COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA

31. Plaintiff brings this lawsuit pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of the FLSA Collective defined above.

32. Plaintiff desires to pursue his FLSA claims on behalf of all individuals who opt-in to this action pursuant to 29 U.S.C. § 216(b).

33. Plaintiff and the FLSA Collective Members are "similarly situated" as that term is used in 29 U.S.C. § 216(b) because, *inter alia*, all such individuals have been subject to Defendant's common business and compensation practices as described herein, and, as a result of such practices, have not been paid the legally mandated overtime compensation for hours worked over forty (40) during the workweek. Resolution of this action requires inquiry into common facts, including, *inter alia*, Defendant's common misclassification, compensation and payroll practices.

34. The FLSA requires non-exempt hourly employees to be compensated at a rate of 1.5 times the regular hourly rate for all hours worked over 40 in a week.

35. Defendant misclassified Plaintiff and FLSA Collective Members as exempt from the overtime requirements of the FLSA and failed to provide them overtime compensation for hours worked in excess of 40 a week.

36. The similarly situated employees are known to Defendant, are readily identifiable, and can easily be located through Defendant's business and human resources records.

37. Defendant employs many FLSA Collective Members throughout the United States. These similarly situated employees may be readily notified of this action through U.S. Mail and/or other means, and allowed to opt in to this action pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for overtime compensation, liquidated damages (or, alternatively, interest) and attorneys' fees and costs under the FLSA.

## ILLINOIS CLASS ACTION ALLEGATIONS

38. Plaintiff brings Count II of this action as a class action pursuant to Fed. R. Civ. P. 23 on behalf of himself and the Illinois Class defined above.

39. The members of the Illinois Class are so numerous that joinder of all members is impracticable. Upon information and belief, there are more than forty (40) members of the Illinois Class.

40. Plaintiff will fairly and adequately represent and protect the interests of the Illinois Class because there is no conflict between the claims of Plaintiff and those of the Illinois Class, and Plaintiff's claims are typical of the claims of the Illinois Class. Plaintiff's counsel are competent and experienced in litigating class actions and other complex litigation matters, including wage and hour cases like this one.

41. There are questions of law and fact common to the proposed Illinois Class, which predominate over any questions affecting only individual Class Members, including, without limitation, whether Defendant has violated and continues to violate Illinois law through its policy or practice of not paying its hourly workers overtime compensation, and failing to provide them with meal and rest breaks.

42. Plaintiff's claims are typical of the claims of the Illinois Class Members in the following ways, without limitation: (a) Plaintiff is a member of the Illinois Class; (b) Plaintiff's claims arise out of the same policies, practices and course of conduct that form the basis of the claims of the Illinois Class; (c) Plaintiff's claims are based on the same legal and remedial theories as those of the Illinois Class and involve similar factual circumstances; (d) there are no conflicts between the interests of Plaintiff and the Illinois Class Members; and (e) the injuries suffered by Plaintiff are similar to the injuries suffered by the Illinois Class Members.

43. Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Illinois Class predominate over any questions affecting only individual Class Members.

44. Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy. The Illinois Class Members are readily identifiable from Defendant's own records. Prosecution of separate actions by individual members of the Illinois Class would create the risk of inconsistent or varying adjudications with respect to individual Illinois Class Members that would establish incompatible standards of conduct for Defendant.

45. A class action is superior to other available methods for adjudication of this controversy because joinder of all members is impractical. Further, the amounts at stake for many of the Illinois Class Members, while substantial, are not great enough to enable them to maintain separate suits against Defendant.

46. Without a class action, Defendant will retain the benefit of its wrongdoing, which will result in further damages to Plaintiff and the Illinois Class. Plaintiff envisions no difficulty in the management of this action as a class action.

**COUNT I**
**FLSA – Overtime Wages**
**(On Behalf of Plaintiff and the FLSA Collective)**

47. All previous paragraphs are incorporated as though fully set forth herein.

48. The FLSA defines "employer" broadly to include "any person acting directly or indirectly in the interest of an employer in relation to an employee..." 29 U.S.C. § 203(d).

49. Defendant is subject to the wage requirements of the FLSA because Defendant is an "employer" under 29 U.S.C. § 203(d).

50. At all relevant times, Defendant has been an "employer" engaged in interstate commerce and/or in the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203.

51. During all relevant times, Plaintiff and the FLSA Collective Members have been covered employees entitled to the above-described FLSA's protections. *See* 29 U.S.C. § 203(e).

52. Plaintiff and the FLSA Collective Members are not exempt from the requirements of the FLSA.

53. Plaintiff and the FLSA Collective Members are entitled to be paid overtime compensation for all hours worked over forty (40) in a workweek pursuant to 29 U.S.C. § 207(a)(1).

54. Defendant, pursuant to its policies and practices, failed and refused to pay overtime compensation to Plaintiff and the FLSA Collective members for their overtime hours worked by misclassifying Plaintiff and the FLSA Collective as exempt from the overtime requirements of the FLSA.

55. Defendant knowingly failed to compensate Plaintiff and the FLSA Collective Members at a rate of one and one-half (1 ½) times their regular hourly wage for hours worked in

excess of forty (40) hours per week, in violation of 29 U.S.C. § 207(a)(1).

56. In violating the FLSA, Defendant acted willfully and with reckless disregard of clearly applicable FLSA provisions.

57. In violating the FLSA, on information and belief, Defendant did not have any good faith basis to rely on any legal opinion or advice to the contrary.

## COUNT II
### Violation of Illinois Minimum Wage Law
### (On Behalf of Plaintiff and the Illinois Class)

58. All previous paragraphs are incorporated as though fully set forth herein.

59. Pursuant to 820 ILCS 105/4a, no employer shall employ any of his employees for a workweek of more than 40 hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than 1 1/2 times the regular rate at which he is employed.

60. During all relevant times, Insight Global was an employer within the meaning of the Illinois Minimum Wage Law, 820 ILCS 105/3.

61. During all relevant times, Plaintiff and the Illinois Class Members were covered employees within the meaning of the Illinois Minimum Wage Law, 820 ILCS 105/3.

62. Insight Global failed to compensate Plaintiff and the Illinois Class Members at a rate of 1 1/2 times their regular compensation for hours worked in excess of 40 a week in violation of 820 ILCS 105/4a.

63. Pursuant to 820 ILCS 105/12, Insight Global is liable to Plaintiff and the Illinois Class Members for their unpaid overtime compensation, attorneys' fees, costs, and damages of 2% of the amount of any such underpayments for each month following the date of payment during which the unpaid overtime wages remain unpaid.

## JURY TRIAL DEMANDED

64. Plaintiff demands a jury trial for all issues of fact.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks the following relief on behalf of himself and the Classes:

a. An order permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. § 216(b);

b. Prompt notice, pursuant to 29 U.S.C. § 216(b), of this litigation to all potential members of the FLSA Collective;

c. An order permitting this litigation to proceed as a class action pursuant to Fed. R. Civ. P. 23 on behalf of the Illinois Class;

d. An order appointing Plaintiff's attorneys as Class Counsel;

e. Back pay damages (including unpaid overtime compensation and unpaid wages) and prejudgment interest to the fullest extent permitted under the law;

f. Liquidated damages to the fullest extent permitted under the law;

g. Litigation costs, expenses, and attorneys' fees to the fullest extent permitted under the law; and

h. Such other and further relief as this Court deems just and proper.

Dated: April 19, 2019                    Respectfully submitted,

                                         AYODEJI DIKIO,
                                         individually and on behalf of others
                                         similarly situated,

                                         /s/ Bradley Manewith
                                         *One of Plaintiff's Attorneys*

Bradley Manewith, IARDC No. 06280535     David M. Blanchard (P67190)*
Marc J. Siegel, IARDC No. 06238100       Frances J. Hollander (P82180)*
Siegel & Dolan Ltd.                      BLANCHARD & WALKER, PLLC
150 North Wacker Drive, Suite 3000       221 North Main Street, Suite 300
Chicago, IL 60601                        Ann Arbor, MI 48104
Telephone (312) 878-3210                 Telephone: (734) 929.4313
Fax (312) 878-3211                       blanchard@bwlawonline.com
bmanewith@msiegellaw.com                 hollander@bwlawonline.com
msiegel@msiegellaw.com

Harold Lichten*                          *Attorneys for Plaintiff*
Olena Savytska*                          *and the Proposed Class*
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000          *Application for admission to be filed.*
Boston, MA 02116
Telephone: (617) 994-5800
Facsimile: (617) 994-5801
hlichten@llrlaw.com
osavytska@llrlaw.com

Shanon J. Carson*
Sarah R. Schalman-Bergen*
Alexandra K. Piazza*
BERGER MONTAGUE PC
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Telephone: (215) 875-3000
Facsimile: (215) 875-4604
scarson@bm.net
sschalman-bergen@bm.net
apiazza@bm.net